**E-Filed 11/7/05**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> SODEXHO MARRIOT, et al., <br><br>   Defendants. | Case Number C 02-03894 JF <br><br> ORDER[1] GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT <br><br> [Docket No. 61, 62] |

## I. BACKGROUND

Plaintiff Karen Whyman alleges that she suffered injuries from electrocution by a toaster on February 23, 2001. The electrocution occurred at the Aruba Café on the Hewlett Packard campus in Cupertino, California. According to Whyman, Defendant Sodexho, Inc. ("Sodexho") (formerly Sodexho Marriot) had a contract with Hewlett Packard to provide food service and facilities maintenance and management. The toaster was manufactured by Defendant Hamilton Beach/Proctor Silex, Inc. ("Hamilton Beach").

---

[1] This disposition is not designated for publication and may not be cited.

On February 22, 2002, Whyman filed the original complaint in Santa Clara Superior Court. Defendants removed to this Court on August 13, 2002. The original complaint alleges two claims, strict liability and negligence, against both named Defendants and Does 1-30. The docket shows that parties attempted to settle the instant case through October, 2004. In December 2004, Sodexho substituted its counsel of record, and in May 2005, Whyman substituted hers. At the June 10, 2005 Case Management Conference, parties agreed to a scheduling order, which set deadlines including November 14, 2005 for non-expert discovery and January 30, 2006 for trial.

On September 28, 2005, Whyman filed the instant motion for leave to file a first amended complaint. On October 17, 2005, parties stipulated to extending the hearing for the instant motion from October 21, 2005 to November 4, 2005 and extending deadlines for expert disclosures. On October 18, 2005, Sodexho filed opposition to the instant motion. On October 24, 2005, Plaintiff Travelers Indemnity Company filed a motion for summary judgment.

Whyman's first amended complaint includes a new claim against Sodexho for premises liability, modifies the original two claims, and specifies against which defendants the claims are filed. Parties disagree about the extent to which the amended complaint is different from the original complaint. Whyman argues that the amended complaint merely "clarifies" the first two claims, the additional claim relies on no new factual allegations, and the claims and defenses under a premises theory are virtually identical to those under a negligence theory. However, Sodexho argues that the amended complaint asserts significantly different theories of liability and relies on new factual allegations. Sodexho argues that it would be prejudiced if the Court grants the instant motion.

## II. DISCUSSION

The request for leave to amend is governed by Federal Rule of Civil Procedure 15(a), which provides that "leave shall be freely given when justice so requires." In deciding whether to grant leave to amend, the Court will consider several factors, including: (1) undue delay by the party seeking the amendment; (2) prejudice to the opposing party; (3) bad faith; (4) futility of amendment; and (5) whether the party previously has amended its pleadings. *Bonin v. Calderon*,

Case No. C 02-03894 JF
ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
(JFLC1)

59 F.3d 815, 845 (9th Cir. 1995). The Court has discretion in decided whether to grant leave to amend, but it "'must be guided by the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)).

      Whyman suggests that the Court should measure the delay in seeking leave to amend from October 21, 2005, the date that parties agreed upon as the hearing date for the amendment of pleadings. Whyman notes that Sodexho did not object to this date when it was discussed at the June 10, 2005 case management conference. Thus, Whyman argues that there was only a "slight delay" between October 21 and November 4, when the hearing on the instant motion was held. Whyman's conception of delay is overly narrow. Instead, the Court must consider the entire context of the litigation when it considers the issue of delay. Contrary to Whyman's statement that there has been only a "slight delay," there has in fact been a delay of over three and a half years since the filing of the original complaint. However, the parties were engaged in settlement discussions for a good portion of this time and the parties agreed to a scheduling order on June 10, 2005, only four months before the instant motion was filed.

      Parties agree that undue delay on its own does not justify denial of a motion for leave to amend. However, if undue delay is accompanied by prejudice to the defendant, denial of a motion for leave to amend may be justified. *See, e.g.*, *Bowles v. Reade*, 198 F.3d 752, 758-59 (9th Cir. 1999). Sodexho argues that it would be prejudiced by the proposed amendments to the complaint at this stage in the instant litigation because they would significantly expand the scope of the case only weeks before discovery deadlines and less than three months before trial. The original complaint alleges two claims, strict liability and negligence, against both named Defendants and Does 1-30. The amended complaint alleges four claims. The first and second of these claims, for strict and negligent product liability, are alleged only against Hamilton Beach. The third and fourth, for negligence and premises liability, are alleged only against Sodexho.

      Sodexho points out that the allegations against it in the amended complaint are substantively different than those in the original complaint. The original complaint alleges that Sodexho "negligently, intentionally and recklessly maintained the Toaster." The amended

Case No. C 02-03894 JF
ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
(JFLC1)

complaint alleges premises liability, specifically alleging that Sodexho was "negligent in the inspection of the subject property for electrical hazards, electrical wiring and electrical circuitry, use of electrical appliances, maintenance and use of the property. Defendants breached their duty of care to keep the property in a reasonably safe condition." Where previously the allegations of negligence were restricted to the toaster itself, now the allegations extend to the entire premises.

Because the new allegations would expand the scope of litigation, Sodexho argues that Defendants would have to conduct further discovery and, depending on the results of that discovery, possibly join Hewlett Packard as a defendant. Whyman suggests that there is "no 'prejudice' when all of the information necessary to prepare is in defendant's possession." However, it is not necessarily clear that Sodexho possesses all of the information necessary to prepare a defense to the claim of premises liability – the buildings were never owned by Sodexho, it has been four and a half years since the alleged injury, and the Aruba café is now closed.

Whyman also argues that the scope of the allegations has always been broader than the maintenance of the toaster itself; it has always included the related factor of how the nearby microwave contributed to the electrocution and any negligence claim itself may include aspects of premises liability. Despite the previous inclusion of allegations relating to the microwave and some discovery related to the premises more generally, the Court agrees with Sodexho that the inclusion of allegations about the electrical wiring and circuitry and the general maintenance and use of the property does expand the scope of the allegations and the facts related to the allegations.

The Court recognizes that it has been a relatively long time since the original complaint was filed and that granting the instant motion will expand the scope of the allegations and the related discovery and litigation work. However, a good portion of the time since the original complaint was filed was consumed with settlement negotiations rather than active litigation and motions for leave to amend should be granted liberally in the interest of deciding cases on their merits. Accordingly, the Court will grant the instant motion for leave to file an amended complaint, but will do so without prejudice to motions that may arise out of the difficulties of

conducting discovery so long after the alleged injury occurred.

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the instant motion for leave to file an amended complaint is GRANTED without prejudice to motions that may arise out of the difficulties of conducting discovery so long after the alleged injury occurred.

IT IS FURTHER ORDERED that all presently scheduled trial and related pre-trial dates are vacated.  A case management conference is scheduled for January 13, 2005, at which time the parties and the Court will agree upon a new schedule.  Parties are directed to submit a new case management statement prior to the case management conference.

DATED:  November 7, 2005

/s/ electronic signature authorized
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Donald W. Carlson          dcarlson@ccplaw.com, mjones@ccplaw.com;
                              kamnott@ccplaw.com; strumbull@ccplaw.com
3
4  Brian Doster Chase, Esq    bchase@bestattorney.com

5  Daniel J. Kelly            dkelly@hbblaw.com, lkyne@hbblaw.com

6  Gavan R. Munter            gmunter@spt.com, vwatkins@spt.com

7  Seema A. Savur
   Patrick R. McMahon
8  485 North First St.
   San Jose, CA 95112-4041
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Case No. C 02-03894 JF
ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
(JFLC1)