DONALD W. CARLSON [Bar No.: 79258]
KATHRYN A. AMNOTT [Bar No.: 148322]
CARLSON, CALLADINE & PETERSON LLP
353 Sacramento Street, 16th Floor
San Francisco, California 94111
Telephone: (415) 391-3911
Facsimile: (415) 391-3898

*E-FILED 12/21/05*

Attorneys for Defendant
SODEXHO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARTER OAK FIRE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  vs.<br><br>SODEXHO MARRIOTT, et al.,<br><br>    Defendants.<br><br>AND ALL RELATED CROSS AND CONSOLIDATED ACTIONS | CASE NO.: C02-03894 JF<br><br>STIPULATED PROTECTIVE ORDER |

It is hereby stipulated by and between plaintiff Charter Oak Fire Insurance Company ("Charter Oak"), plaintiff Karen Whyman ("Whyman"), defendant Sodexho, Inc. ("Sodexho"), and defendant Hamilton Beach/Proctor-Silex, Inc. ("Hamilton Beach"), by and through their respective counsel of record, that a protective order (the "Protective Order") should govern the production and use of documents to be produced in this action.

1.   **"Confidential Material."**  As used in this Protective Order, **confidential material** shall refer to the contract between Hewlett Packard and Sodexho and its addenda, information and records of Sodexho protected as trade secrets or confidential information

1   pursuant to state and federal law. All **confidential material** is the exclusive, inalienable
2   property of Sodexho.

3       2.    **"Records."** As used in this Protective Order, **records** shall mean
4   information, both discrete and cumulative, that is inscribed or otherwise recorded on a
5   tangible medium or that is stored in an electronic or other medium and is retrievable in
6   perceivable form. **Records** includes both electronic records and printed, typewritten, and
7   other tangible records.

8       3.    **Scope.** This Protective Order shall govern **confidential material** produced
9   or disclosed by Sodexho in response to formal or informal discovery conducted in this
10   matter. Nothing in this Protective Order shall be deemed to preclude Sodexho's right to:
11   (a) oppose discovery on grounds not addressed under the terms of this Protective
12   Order, or (b) object on any ground to the admission of any **confidential material** into
13   evidence at trial. Further, nothing contained in this Protective Order shall prejudice the
14   right of any party to contest the alleged relevancy, admissibility, or discoverability of the
15   **confidential material** sought.

16       4.    **Designation of Confidential Material**. Sodexho may designate all of any
17   portion of documents, things, and information it produces formally or informally to other
18   parties to this litigation as **confidential material**. The designation of **confidential**
19   **material** shall be made by any practicable means, including placing on the thing so
20   designated, such that it will not interfere with its legibility, an appropriate notice such as
21   the following: **"Confidential Material."** **Confidential material** will be Bates stamped, if
22   appropriate. All materials designated as **confidential material** shall be treated as such
23   pursuant to the terms of this Protective Order until further order by the Court.

24       5.    **Objection to Designation**. If any party objects to the designation of any
25   record as **confidential material**, that party shall promptly notify all other parties in
26   writing, specifying the factual and legal basis for the objection. If a dispute arises that
27   cannot be resolved by agreement, then the dispute will be submitted to the Court. Pending
28   such determination, the records shall be maintained as **confidential material**.

6. **Access to Confidential Material.** Access to **confidential material** shall be limited to authorized persons, solely in the performance of their duties in connection with trial preparation of this case. Authorized persons are:

    (a) Counsel of record for the parties to this civil action who have consented to this Protective Order and have signed the Promise of Confidentiality;

    (b) Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel of record; and

    (c) Outside forensic experts and consultants retained by counsel of record who have first consented to this Protective Order and signed the Promise of Confidentiality and agreed in writing to be bound by its terms (specifically excluding attorneys who are not counsel of record for the parties to this civil action).

Access to **confidential material** shall not be given to any person or entity not specifically described above, including to members of the general public. However, nothing in this Protective Order shall prohibit Sodexho from utilizing the **confidential material** as it deems appropriate, and any such use by Sodexho shall not destroy the confidentiality of the **confidential material** in question.

Authorized persons shall not include any organization or entity, or any representative thereof, that regularly maintains and/or disseminates documents or information regarding documents, including abstracts or summaries, or any other records as a service to its members, subscribers, or others.

Under no circumstances shall access to **confidential material** be granted to any employee of any competitor of Sodexho, or any person who, within the past two years, has been affiliated with, employed by, or consulted with a competitor (or an entity in privity with a competitor) of Sodexho regarding research, development, production, or testing of consumer appliances, or, over the following two years, expects to be involved in any such employment, affiliation, or consultation.

7. **Promises of Confidentiality.** Each authorized person who receives access to any **confidential material** shall first be given a copy of this Protective Order and

advised by the trial counsel making the disclosure that such person must not divulge any **confidential material** to any other person except in the preparation or trial of this lawsuit, and that such disclosure is limited to authorized persons. In accord with *Hartman v. Remington Arms Co.*, 143 F.R.D. 673, 693 (W.D. Mo. 1992), a Promise of Confidentiality is attached as Exhibit A. This promise must be signed by each authorized person receiving any **confidential material** in advance of receipt. The signed original of each such promise shall be maintained by the disclosing counsel and provided to counsel of record for Sodexho within thirty (30) days after the final termination of this action.

8. **Storage of Confidential Material.** Authorized persons shall maintain all confidential material in a secure location. **Confidential material** may not be entered onto any electronic storage system, other than a floppy 3.5" disk, and may not be transmitted via e-mail or other similar media. Authorized persons shall maintain a record, by Bates number designation, of the quantity of all copies or other reproductions made of each item of **confidential material**.

9. **Use of Confidential Material.** All **confidential material** shall be used for the purpose of this lawsuit only.

(a) No **confidential material** will be produced, disclosed, or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case. Further, no **confidential material** shall be disseminated to or shared with any organization or entity, or any representative thereof, that regularly disseminates documents or information regarding documents, including abstracts or summaries, or any other records as a service to its members, subscribers, or others, or the representative of such an organization or entity.

(b) If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any party to this Protective Order, or any authorized person defined hereunder, that party will immediately notify Sodexho's counsel of record, provide Sodexho's counsel with a copy of the subpoena or other discovery request, and will consent to and assist in obtaining an order from the appropriate court

protecting the **confidential material** from being disseminated outside the scope of this Protective Order.

10. **Court Records.** In the event that any **confidential material** is in any way disclosed in any pleading, motion, deposition transcript, videotape, exhibit, photograph, or other material filed with any court, the parties must comply with Civil L.R. 79-5.

11. **Depositions.** If any **confidential material** is used or referred to during any deposition, counsel for Sodexho may require that only its representatives, authorized persons, the deponent, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with **confidential material**. Counsel for Sodexho may also serve a copy of this Protective Order upon the deponent, the court reporter, and camera operator, and require that each sign the Promise of Confidentiality (Exhibit A) prior to further questioning. Counsel for Sodexho may state on the record at the deposition that the deposition includes information claimed to be **confidential material**. Within thirty (30) days of receipt of the completed deposition transcript, counsel for Sodexho shall designate by page and line the portions for which such claim is made, and give written notice of this designation to the court reporter and all other parties. This designation shall be placed on the first page in the original and all copies of the deposition by the court reporter and by counsel for the parties. Pending such designation, the deposition and all exhibits shall be treated in its entirety as **confidential material**. Those portions of the deposition which are designated as **confidential material** shall be bound separately under seal and prominently marked "Confidential Material subject to Protective Order." The portions of each deposition so designated shall be returned to trial counsel for Sodexho upon final termination of this action.

Under no circumstances shall any **confidential material** be viewed by any deponent who is an employee of any competitor of Sodexho, or any person who, within the past two years, has been affiliated with, employed by, or consulted with a competitor (or an entity in privity with a competitor) of Sodexho regarding research, development,

production, or testing of consumer appliances or food products or, over the following two years, expects to be involved in any such employment, affiliation, or consultation.

12. **Evidence at Trial.** The introduction of **Confidential material** at trial will be determined by the Presiding Judge.

13. **Inadvertent Disclosure.** Should any **confidential material** be disclosed to any unauthorized persons, through inadvertence of a party or through the act or omission of any person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order; (b) shall be identified immediately to Sodexho; and (c) shall be directed if within control of a party, or otherwise asked, to sign the Promise of Confidentiality (Exhibit A). At Sodexho's sole discretion, such unauthorized person may be required to surrender to Sodexho all copies of **confidential material** in such unauthorized person's possession. The person or entity whose inadvertence caused the unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Promise of Confidentiality and for all reasonable attorneys' fees, costs, and expenses associated with enforcement of this Protective Order.

14. **No Waiver by Disclosure.** The inadvertent, unintentional, or in camera production of **confidential material** and/or other trade secret information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claim that such material is trade secret and should not be disclosed. If a claim of inadvertent production is made pursuant to this paragraph, the non-producing party shall promptly return the identified material and all copies to the producing party and make no use of this material for any purpose.

15. **Return of Confidential Material.** Within thirty (30) days of the final termination of this action, counsel for record for each party shall assemble and return to counsel of record for Sodexho all **confidential material** produced, including all copies, notes, summaries, renderings, photographs, recordings, floppy discs, and reproductions of every kind of such **confidential material**. Any **confidential material** entered on a

computer database or other electronic media forbidden by Paragraph 8 of the Protective Order shall also be deleted and written over or reformatted. Any direct quote from or description of **confidential material** will also be returned to counsel of record for Sodexho within thirty (30) days of final termination of this action. Accompanying the return of all **confidential material**, counsel of record for each party shall provide to counsel of record for Sodexho a cover letter which includes: (a) a list of the Bates numbers of all original **confidential material** being returned; (b) a detailed explanation for the failure to return any original **confidential material** that had been produced to said counsel of record; and (c) an itemization of the number of copies being returned of each item of original **confidential material**, as well as an enumeration of the total number of copies ever made of each item of original **confidential material**. Said cover letter shall not disclose the title or substance of the **confidential material**.

All signed Promises of Confidentiality shall also be forwarded to counsel of record for Sodexho as provided in Paragraph 7.

Pursuant to General Order 45, Section X B., Kathryn Amnott attests that concurrence in the filing of this document has been obtained from each of the other signatories and that she has on file said signatures indicated with an /s/ in this ECF document.

IT IS SO AGREED TO AND HEREBY STIPULATED:

Dated: December 20, 2005

CARLSON CALLADINE& PETERSON LLP

By: /s/
Donald W. Carlson
Kathryn A. Amnott
Attorneys for Defendant and Cross-Complainant SODEXHO, INC.

Dated: December ____, 2005        HAIGHT BROWN & BONESTEEL LLP


                                  By: _____
                                     Daniel J. Kelly
                                     Attorneys for Defendant and Cross-
                                     Defendant HAMILTON
                                     BEACH/PROCTOR-SILEX, INC.


Dated: December ____, 2005        BISNAR & CHASE LLP


                                  By: _____
                                     Jerry Gans
                                     Attorneys for Plaintiff
                                     KAREN WHYMAN


Dated: December ____, 2005        ELIE & ASSOCIATES


                                  By: _____
                                     Gavan R. Munter
                                     Attorneys for Plaintiff
                                     CHARTER OAK FIRE INSURANCE
                                     COMPANY


IT IS SO ORDERED.


Dated: December 21, 2005          /s/ Richard Seeborg
       _____        _____
                                  RICHARD SEEBORG
                                  United States Magistrate Judge

# EXHIBIT A
## PROMISE OF CONFIDENTIALITY

1. My name is _____. I live at _____. I am employed as _____ by _____.

2. I am aware that a document and information protective order has been entered in *Charter Oak Fire Insurance Company v. Sodexho, et al.* United States District Court (N.D. Cal.) Case No. C 02-3894 JF and a copy of that Protective Order has been given to me.

3. I promise that I will use the **confidential material** as defined under that Protective Order only in connection with assisting counsel for the Plaintiff or Defendants in preparing for litigation of this matter.

4. I promise that I will not disclose or discuss such **confidential material** with any person other than counsel for the parties or members of their staff who are actively engaged in the preparation of this case.

5. I understand that any use of the **confidential material** I obtain, in any manner contrary to the provisions of the Protective Order may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

6. I express consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order.

7. I understand that violating the terms of the Protective Order or this Promise of Confidentiality could result in civil sanctions levied by the Court, as well as criminal penalties under state law and the federal Economic Espionage Act of 1996, 18 U.S.C. §§ 1831 *et seq.*, including imprisonment for a period of up to ten (10) years.

8. I promise to promptly return to Plaintiff, through delivery to counsel representing Plaintiff or Defendants, all **confidential material** or any portion or summary thereof, upon notice mailed to me at the address provided hereinabove, and I promise that under no circumstance will I retain any duplicate of any such **confidential material.** I assume all responsibility for returning this material to Plaintiff, as set forth herein, and I bear all risks associated with the purported loss, destruction or inadvertent disclosure of such **confidential material** that has been entrusted to my care. My failure to return all such **confidential material** will be deemed a disclosure in violation of the Protective Order and this agreement, which may subject me to sanctions. I expressly agree to pay all reasonable attorneys' fees, costs and expenses associated with enforcement of this

paragraph in order to obtain my compliance with it, in addition to any sanctions the Court may impose.

_____   _____
Signature                   Date