*E-FILED 6/23/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARTER OAK FIRE INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br> v. <br> SODEXHO MARRIOT, et al., <br><br> Defendants. | NO. C 02-3894 JF <br><br> **ORDER RE DISCOVERY MOTIONS** |

## I. INTRODUCTION

Before the Court are: 1) plaintiff's motion to compel a deposition under Rule 30 (b) (6) of defendant Sodexho; 2) Sodexho's motion to compel plaintiff to provide further responses to interrogatories and document requests; 3) plaintiff's motion (joined by Sodexho) to compel a deposition under Rule 30 (b) (6) of defendant Hamilton Beach; and 4) Sodexho's motion to compel Hamilton Beach to provide further responses to contention interrogatories. The motions were briefed and oral argument was held. Thereafter, at the Court's direction, the parties engaged in further meet and confer efforts to narrow the remaining disputes, and have provided additional briefing regarding the results of those efforts and the matters still at issue. Based on the argument of counsel and all the papers filed to date, the motions will be granted in part and denied in part as set forth below.

## II. BACKGROUND

Plaintiff Karen Whyman was operating a toaster in a workplace café when she sustained an

1

1 electrical shock. In this action she seeks recovery for her injuries under product liability,
2 negligence, and premises liability theories. Defendant Sodexho was the operator of the café.
3 Defendant Hamilton Beach manufactured the toaster.

### III.  DISCUSSION

#### A. Plaintiff's Motion Against Sodexho

Prior to the hearing, Sodexho represented that it had agreed to provide the discovery sought by plaintiff in this motion. At the hearing, the parties confirmed that the portion of this motion seeking discovery was moot. In the motion, plaintiff also requested sanctions. Under Local Rule 7-8, all sanctions requests must be made by separately noticed motion, which plaintiff failed to do. Accordingly, the sanctions request is denied.

#### B. Sodexho's Motion Against Plaintiff

Sodexho seeks further responses to interrogatories and document requests concerning two basic categories of information: plaintiff's income history and plaintiff's medical history.

*1) Financial Information*

At the hearing, plaintiff's counsel represented that plaintiff has now produced all responsive documents regarding her income that are in her possession, custody, or control, with the exception of tax return documents. Sodexho complains that the documents it has received may be incomplete and that in any event, those documents are insufficient to verify some of the claims made by plaintiff in her interrogatory responses as to earnings she received at various times. Although plaintiff has now produced her Social Security "detailed earnings statement," Sodexho contends that it does not reflect possible income plaintiff received as a "consultant" and that it is not sufficiently current.

Plaintiff argues that it will be her burden at trial to substantiate her lost income claim, and therefore Sodexho should not complain if the documentation is scanty or if it does not fully support her interrogatory responses. While it may be true that the ultimate consequences of an inability to provide support for her claims will fall most heavily on plaintiff, that does not relieve her of the obligation to respond as fully and completely as possible to discovery. Accordingly, Plaintiff is ordered to provide written verification that she has produced all responsive documents in her possession, custody, or control, as to Document Request Nos. 4, 14, 16, 21, and 22. Plaintiff shall

2

1  also produce all documents in her possession custody or control that are responsive to Document
2  Request No. 20, which relates to the somewhat distinct issue of whether plaintiff sought any
3  disability payments. The motion to compel is denied as to Request Nos. 2 and 3, which seek
4  privileged tax return information.    With respect to Sodexho's concern about apparent disparities
5  between the document production and some of plaintiff's interrogatory responses, plaintiff is
6  ordered to provide amended and further responses to Interrogatories Nos. 17, 18, 19, and 20.  The
7  amended responses shall state clearly and completely all responsive information plaintiff presently
8  possesses regarding her earning history.

*2) Medical Information*

10  At the hearing, the Court and the parties engaged in extended discussion regarding the
11  parties' respective rights and responsibilities with respect to obtaining documentation regarding
12  plaintiff's past medical history.  The parties are instructed to bear in mind the Court's comments
13  both as to the need for reasonable cooperation and regarding reasonable limits as to the past medical
14  procedures that might be relevant, to the extent Sodexho is continuing to seek documents from
15  plaintiff's medical providers.

16  This motion, however, does not involve any document requests relating to medical
17  information.  At issue here are Interrogatories Nos. 1 and 2, which called for plaintiff to identify
18  health care providers she utilized dating back to 1991.  Plaintiff's responses omitted information
19  predating the incident at issue in this litigation, either through inadvertence or based on the belief
20  that it was not relevant.  Sodexho has now apparently learned at least some of the omitted
21  information through other sources.  Nevertheless, that does not relieve plaintiff of the burden of
22  providing complete interrogatory responses.  Furthermore, requiring plaintiff to identify health care
23  providers does not implicate the privacy and relevancy concerns that might arise with respect to
24  obtaining more detailed information regarding the nature of particular medical procedures.  Sodexho
25  was and is entitled to the information called for by these interrogatories as a threshold inquiry that
26  would permit it to learn what additional discoverable information might exist.  Accordingly, plaintiff
27  shall provide further responses to interrogatories Nos. 1 and 2.    Plaintiff shall also provide a further
28  response to Interrogatory No. 7, which seeks information regarding treatment she has received for

3

1 injuries sustained in the incident at issue in this case. Although plaintiff contends that Sodexho has
2 now received the underlying medical records, that does not relieve her of the obligation to provide
3 complete and accurate interrogatory responses. Finally, Plaintiff shall also provide a supplemental
4 response to Interrogatory No. 25 that specifically identifies any and all witnesses that support her
5 damages claims, financial or medical.

      C. <u>Plaintiff's Motion (Joined by Sodexho) Against Hamilton Beach</u>

7       On June 21, 2006, Hamilton Beach advised the Court that it has entered into a settlement
8 agreement with plaintiff and that it will be seeking a determination from the presiding judge that the
9 agreement is a good faith settlement that bars contribution and indemnity claims against Hamilton
10 Beach by other defendants. Hamilton Beach suggests that the settlement moots the discovery issues
11 involving it, or at least that the issues will become moot upon a finding of good faith. Sodexho has
12 advised the court that it does *not* view the settlement as obviating its need to obtain the discovery at
13 issue, both because the discovery may bear on the "good faith settlement" question and on issues
14 that may arise at trial even if Hamilton Beach is no longer a party. Plaintiff has not made its position
15 known regarding whether it still intends to pursue the discovery.

16       Hamilton Beach has not demonstrated that the existence of its tentative settlement with
17 plaintiff is sufficient to relieve it from the obligation to respond to discovery; accordingly the Court
18 will reach the merits of the pending motions. Plaintiff has the option, of course, of declining to
19 pursue the discovery discussed herein.

20       Plaintiff's motion, in which Sodexho joined, sought to compel Hamilton Beach to provide
21 further deposition testimony under Rule 30 (b) (6). Hamilton Beach's original opposition to the
22 motion did not rely on any objections to the deposition notices or the subject areas into which
23 plaintiff and Sodexho intended to inquire. Instead, Hamilton Beach took the position that the motion
24 should be denied simply because it had produced a witness in November of 2005.

25       At the hearing, Hamilton Beach indicated that there had been some confusion as to what
26 topics were still at issue, and that it might be willing to produce an additional witness or witnesses
27 upon clarification of what plaintiff and Sodexho were seeking. Accordingly, the Court directed the
28 parties to engage in further meet and confer efforts and to report the results of those effort in letter

4

briefs.

The subsequently filed letter briefs reveal that the parties' meet and confer discussions were largely unsuccessful. Hamilton Beach has declined to provide any further testimony and now proffers various arguments that the discovery is objectionable on relevancy and other grounds. Hamilton Beach also renews its arguments that plaintiff and Sodexho have either already taken testimony on the subjects in dispute or could have done so at the prior deposition.

The record shows, however, that at the time of the prior deposition, Hamilton Beach's counsel narrowly limited the subject areas of questioning, and expressly *refused* to agree that the witness was being produced to testify on all of the subjects in the 30 (b) (6) notices. Accordingly, at plaintiff's option, Hamilton Beach shall produce a witness or witnesses to testify as to categories 18, 19, 20, and 21 of plaintiff's deposition notice to Hamilton Beach. Furthermore, Hamilton Beach shall produce a witness or witnesses to testify as to requests 1-17 of Sodexho's March 22, 2006, deposition notice and shall produce all documents responsive to the corresponding document requests, or verify in writing that it has already done so. The production and deposition shall take place as soon as practicable, in view of the pending trial date, but no later than July 17, 2006. Plaintiff's request for sanctions in connection with this motion does not comply with Local Rule 7-8, and is therefore denied.

### D. Sodexho's Motion to Compel Further Interrogatory Responses

Sodexho filed a motion on shortened time seeking to compel Hamilton Beach to provide further responses to its contention interrogatories. The Court directed the parties to engage in additional meet and confer efforts regarding this issue. Hamilton Beach reports that it agreed to supplement its prior responses. Accordingly, on that basis the motion will be granted.

## IV. CONCLUSION

Plaintiff's motion to compel a deposition under Rule 30 (b) (6) of defendant Sodexho is moot; the accompanying request for sanctions is denied. Sodexho's motion to compel plaintiff to provide further responses to interrogatories and document requests is granted in part, and denied in part, as specified above. Plaintiff's motion, joined by Sodexho, against Hamilton Beach is granted to the extent set forth above; plaintiff's accompanying request for sanctions is denied. Sodexho's

5

1  motion to compel further interrogatory responses from Hamilton Beach is granted.

3  IT IS SO ORDERED.

4  Dated:    June 23, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge

ORDER RE DISCOVERY MOTIONS
C 02-3894 JF

6

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Donald W. Carlson    dcarlson@ccplaw.com, mjones@ccplaw.com; kamnott@ccplaw.com; strumbull@ccplaw.com

Brian Doster Chase , Esq    bchase@bestattorney.com

Daniel J. Kelly    dkelly@hbblaw.com, bdennis@hbblaw.com

Clarice J. Letizia    cletizia@bestattorney.com, rchavez@bestattorney.com

Gavan R. Munter    gmunter@spt.com, vwatkins@spt.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 6/23/06**                                                    **Chambers of Judge Richard Seeborg**

**By:        /s/ BAK**

ORDER RE DISCOVERY MOTIONS
C 02-3894 JF

7