DONALD W. CARLSON [Bar No.: 79258]
KATHRYN A. AMNOTT [Bar No.: 148322]
CARLSON, CALLADINE & PETERSON LLP
353 Sacramento Street, 16th Floor
San Francisco, California 94111
Telephone:  (415) 391-3911
Facsimile:  (415) 391-3898

Attorneys for Defendant and Cross-Complainant
SODEXHO, INC.

**FILED**

AUG 3 1 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARTER OAK FIRE INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>vs.<br><br>SODEXHO MARRIOTT, et al.,<br><br>          Defendants.<br><br>AND ALL RELATED CROSS AND CONSOLIDATED ACTIONS | CASE NO.:   C02-03894 JF<br><br>**STIPULATION REGARDING EXCHANGE OF RAW NEUROPSYCHOLOGICAL TESTING DATA** *AND ORDER*<br><br>Trial Date: October 6, 2006 |

Plaintiff, Karen Whyman ("Plaintiff") and Defendant and Cross-Complainant Sodexho, Inc. ("Defendant"), (jointly hereinafter referenced as "Parties") through their respective attorneys of record, hereby agree and stipulate as follows:

1. That there shall be a mutual exchange of raw neuropsychological testing data directly between the neuropsychological expert witnesses designated by the Parties, specifically, Jeffrey Schaeffer, Ph.D., and Dale McNiel, Ph.D., who will send their respective neuropsychological testing data directly to each other via overnight mail on August 29, 2006;

2. That the existing protective order executed by the Parties related to the Hamilton Beach/Proctor Silex production of documents shall also protect the documents consisting of the raw neuropsychological testing data and such data shall not be copied other than for the purposes

of the direct exchange between said experts, and shall not be disseminated to anyone not a party to this lawsuit, or used for any purpose other than the instant litigation, and the copies exchanged directly between the neuropsychological expert witnesses identified in this Stipulation shall be returned in their entirety after the litigation is completed;

3. No later than September 11, 2006, counsel for Plaintiff and/or counsel for Defendant shall notify each other in writing of any opinion that has changed and/or any additional opinions that have been reached by the respective Parties' neuropsychological expert witnesses as a result of their review of the neuropsychological testing data exchanged and no such supplemental testimony respecting any change of opinion or additional opinions reached shall be permitted at trial unless the notification provided for in this paragraph is given; and

4. Within ten (10) days after the written notification specified in paragraph 3 above, the Parties shall make their respective designated neuropsychological expert witness available for a telephonic deposition solely regarding the substance of any changed/or new or additional opinions based on the exchange of the raw neuropsychological testing data addressed in this Stipulation.

**IT IS SO STIPULATED.**

DATED: August __, 2006

CARLSON, CALLADINE & PETERSON LLP

By: _____
KATHRYN A. AMNOTT
Attorneys for Defendant and Cross-Complainant
SODEXHO, INC.

DATED: August __, 2006

BISNAR & CHASE, LLP

By _____
JERRY N. GANS
Attorneys for Plaintiff KAREN WHYMAN

## ORDER

Based on the stipulation and agreement of the Parties as set forth herein as confirmed by their counsel's endorsement thereon.

**IT IS HEREBY ORDERED**, that:

1. That there shall be a mutual exchange of raw neuropsychological testing data directly between the neuropsychological expert witnesses designated by the Parties, specifically, Jeffrey Schaeffer, Ph.D., and Dale McNiel, Ph.D., who will send their respective neuropsychological testing data directly to each other via overnight mail on August 29, 2006;

2. That the existing protective order executed by the Parties related to the Hamilton Beach/Proctor Silex production of documents shall also protect the documents consisting of the raw neuropsychological testing data and such data shall not be copied other than for the purposes of the direct exchange between said experts, and shall not be disseminated to anyone not a party to this lawsuit, or used for any purpose other than the instant litigation, and the copies exchanged directly between the neuropsychological expert witnesses identified in this Stipulation shall be returned in their entirety after the litigation is completed;

3. No later than September 11, 2006, counsel for Plaintiff and/or counsel for Defendant shall notify each other in writing of any opinion that has changed and/or any additional opinions that have been reached by the respective Parties' neuropsychological expert witnesses as a result of their review of the neuropsychological testing data exchanged and no such supplemental testimony respecting any change of opinion or additional opinions reached shall be permitted at trial unless the notification provided for in this paragraph is given; and

4. Within ten (10) days after the written notification specified in paragraph 3 above, the Parties shall make their respective designated neuropsychological expert witness available for a telephonic deposition solely regarding the substance of any changed/or new or additional opinions based on the exchange of the raw neuropsychological testing data addressed in this Stipulation.

**IT IS SO ORDERED.**

DATED: 8/31/06

By: _____
The Honorable Richard Seeborg
Magistrate Judge, Unites States District Court